

## BEACON EDGE PICTURES

3480 Ashwood Avenue Los Angeles, CA 90065-2202
phone(310)398-0999 fax (310)398-1699

May 9, 2003

Mr. Patrick Moon
1585 Kapiolani Blvd.
Suite 1518
Honolulu, HI 96814

**By FAX:** 808-599-3994

RE: "The Hawaiian Legends of Heavenly Road"
"HALF PIPE- II (Hawaii)"

Dear Mr. Moon:

This letter outlines our suggested proposal and commitment for Beacon Edge Pictures, LLC, Nicklaus Alcaro, and Anthony Rutledge and Patrick Moon on behalf of Hawaii Pacific Cinema Development Foundation, Inc. and Unity House Inc. and another production company to be named, hereinafter (PM) to fund, produce and distribute (includes prints and advertising costs) the above-entitled motion pictures.

For consideration of $1,000,000.00 USD (one million dollars), to be deposited as good faith into Beacon Edge Pictures, LLC, business account, on or before May 14, 2003, our investment manager, NICKLAUS ALCARO, hereinafter (NA), promises to deposit funds in the amount of $10,000,000.00 USA (ten million dollars), according to a cash flow schedule set forth below and over the next 24 month period commencing May 14, 2003, and to be allocated for budgets of $6.5M for the production of "The Hawaiian Legends of Heavenly Road" and $3.5M for the production of "HALF PIPE II (Hawaii)."

**EXHIBIT** _A_

# BEACON EDGE PICTURES

3480 Ashwood Avenue Los Angeles, CA 90066-2202
phone(310)398-0999 fax (310)398-1699

Mr. Patrick Moon
May 9, 2003
Page Two

The monies shall be deposited and allocated as follows:

**$1M** (PM) shall be deposited as set forth above and will be available for withdrawal after the deposit by NA of $2.5M, as outlined immediately below. The $1M deposit by PM will be secured by a designated PM signatory on the Beacon Edge Pictures LLC account until said deposits by NA are confirmed.

**$2.5M** (NA) to be deposited for "Halfpipe" within 14 business days to Beacon Edge Pictures LLC, after secured deposit by "PM."

**$650,000** (NA) to be deposited on or before August 18, 2003, to be utilized to further pre-production for "The Hawaiian Legends of Heavenly Road."

**$5.2M** (NA) to be deposited on or before October 10, 2003, for the principal production period for "The Hawaiian Legends of Heavenly Road."

**$650,000** (NA) to be deposited on or before January 5th, 2004 for post production period for "The Hawaiian Legends of Heavenly Road."

**$800,000** (NA to be deposited on or before January 20, 2004 for "HALF PIPE II" pre-production period.

**$1,900,000** (NA) to be deposited on or before February 24, 2004, for principal production period for "HALF PIPE II."

**$800,000** (NA) to be deposited on or before March 24, 2004 for post production period for "HALF PIPE II."

The following groups, in confidence and subject to non circumvent non disclosure agreement to be signed forth with are the investment entities represented by Nicklaus Alcaro, and can be verified by letter of commitment, upon first funding by PM.

Mr. Patrick Moon

**BEACON EDGE PICTURES**

3486 Ashwood Avenue Los Angeles, CA 90066-2032
phone (310) 398-9999 fax (310) 398-1999

Mr. Patrick Moon
May 9, 2003
Page Three

- Bhatia/Hinduja Group
- Al Habtoor Group

Our position is to move forward expeditiously and begin all pre-production phases necessary in order to make our commitments. Beacon Edge Pictures, LLC, agrees to fund PM's designated bank account set up for producing "The Hawaiian Legends of Heavenly Road" according to a pre-approved cash flow schedule. All prior development costs incurred by PM shall be itemized and presented to Beacon Edge Pictures, for consideration and reimbursement after recoupment by all investors. Further, Beacon Edge Pictures, LLC. is willing, able and shall secure the most appropriate and favorable distribution for the above-entitled pictures for domestic and international theatrical sales as well as all ancillary worldwide sales and will commit to a release schedule once the pre-production phases have been completed.

It is further agreed that PM will participate in producer's net profit at a rate no less equitable than Beacon Edge Pictures, LLC. This participation is recoupable only after all distribution, marketing and full recoupment to NA investors and PM investors as set forth above.

There will be a due diligence period of 90 days commencing on the date of the initial deposit of PM for $1M. Said period is expected to begin May 14, 2003 and terminate on or before August 14, 2003.

PM will present a certified check made payable to Beacon Edge Pictures, LLC, at their Citibank offices at 1505 Montana Avenue, Santa Monica, California, in person, on or before close of business on May 14, 2003.

Sincerely,

Gayle Dickie
President & CEO
Beacon Edge Pictures, LLC

From  MAY-10-2003  17:07    PATRICK MOON INC    at 5/10/2003 8:12 PM P.04/07    001.
                          PH:61197321$030              298 555 7951

**BEACON EDGE PICTURES**
5440 Ashwood Avenue Los Angeles, CA 90066-2262
phone (310) 398.5999 fax (310) 396.1699

Mr. Patrick Moon
May 9, 2003
Page Four

Agreed to and Accepted by:

*Nicklaus Alcaro*  5/11/03
Nicklaus Alcaro              Date

For PM subject to attorney review and $1m deposit by May 14, 2003 without
being subjected to penalties for all parties concerned.

*Anthony Rutledge*      5-10-03
Anthony Rutledge)           Date

*Patrick Moon*          5/10/03
Patrick Moon                Date

TOTAL P.02

MAY 10 01 50 d7E0AD

2·d

# BEACON EDGE PICTURES LLC

## NON-CIRCUMVENTION, NON-DISCLOSURE AND CONFIDENTIALITY AGREEMENT.

**THIS AGREEMENT**, made and entered into between Gayle Dickie, Beacon Edge Pictures LLC, Nicolas Alcaro, Randy Turrow and Patrick Moon, and Anthony Rutledge, Hawaii Pacific Cinema Development Foundation Inc., and Unity House, Inc, on this 10th day of May, 2003 shall obligate the undersigned parties and their partners, associates, employers, affiliates, subsidiaries, parents, company, nominees, representatives, employees, successors, clients, and assigns, hereinafter referred to as (the "Parties"), jointly, severally, mutually and reciprocally for the terms and conditions expressly stated and agreed to below, and that this agreement may be referenced from time to time in any document (s) or agreements. The terms and conditions of this agreement apply to any exchange of information written or oral, involving financial information, personal or corporate names, contract initiated by or involving the "Parties", and any additional, renewal, extension, roll-over, amendment, re-negotiation, or new agreement, hereinafter referred to as 'Heavenly Road" and "Half Pipe 2" ("Project/Transaction") for the purpose of securing all rights and licenses, contracts with respect thereto.

## NOW, THEREFORE, IT IS AGREED;

1. The "Parties" intending to be legally bound, hereby irrevocably agree, and guarantee each other they shall not, directly or indirectly interfere with, circumvent or attempt to circumvent, avoid, by-pass, or obviate each other's interest, or the interest or relationship between the "Parties" with producers, sellers, buyers, brokers, dealers, distributors, refiners, shippers, financial institutions, technology owners, or manufacturers, to change, increase or avoid directly or indirectly payment of established or to be established fees, commissions, or continuance of pre-established relationship or intervene in uncontracted relationship with manufacturers or technology owners with intermediaries, entrepreneurs, legal counsel, or initiate buy/sell relationships, or transactional relationships that by-pass one of the "Parties" with any corporation, producer, technology owner, partnership, or individual revealed or introduced by one of the "Parties" to one another in connection with any on-going or future "transaction" or "project".

2. Neither party (including affiliates of such party) will attempt, directly or indirectly, to contact the other parties, contacts, transaction banks on matters of subject business or contact or negotiate with a confidential source or make use of any confidential information of the other party, except through such other party or with the express written consent of such other party as to each such contact and/or use, after having entered into a commission

agreement with such other party. The parties or their affiliates shall not contact, deal with, or otherwise become involved in any transaction with any corporation, partnership, individual, any banks, trust or lending institutions which have been introduced by the other party without the permission of the introducing party. Any violation of this covenant shall be deemed an attempt to circumvent such other party, and the party so violating this covenant shall be liable for damages in favor of the circumvented party.

3. Furthermore, the "Parties" irrevocably agree that they shall not disclose or otherwise reveal directly or indirectly to any third party, any confidential information provided by one party to the other, or otherwise acquired, particularly, contract terms, product information, or manufacturing processes, prices, fees, financing arrangements, schedules, and information concerning the identity of sellers, producers, buyers, dealers, borrowers, brokers, lenders, distributors, refiners, manufacturers, technology owners, or their representatives, and specific individual names, addresses, principals, or telex/fax/telephone numbers, references, product or technology information, and/or all other information, advised by one "Party" to another as being confidential or privileged, without the prior specific written consent of the "Party" providing such information.

4. This agreement shall be valid for a minimum period of three (3) years from the date of the agreement, and for two (2) years after completion of each transaction or exchange of information, whichever occurs later, with an additional two (2) years automatic roll-over/renewal at the close of each transaction or exchange of information, and thereafter at the end of any roll-over period, without the need for advisement, unless mutually agreed in writing to be terminated by all the "Parties", which termination can occur only at the end of any roll-over period, and must be acknowledged by notice through certified mail thereof; if notice is not given by all the "Parties" within ten (10) days after the beginning of a new roll-over period, it shall be construed that the agreement is in full force, and in effect between the "Parties" for another two (2) years.

5. Legal remedy for breach of any of the above agreed to covenants shall be governed by the laws of State of Nevada. In the event that an amicable settlement cannot be agreed to by mutual discussion and/or arbitration by a third party, each of the "Parties" subject to the declared breach shall be responsible for their own legal expenses, until a settlement or judgment is reached, provided however, that the party found in default by a judgment shall compensate in full the aggrieved party for all of its legal expenses, not withstanding any other provisions of the judgment.

6. Commissions, fees, compensation, or remuneration to be paid as part of a transaction covering any "Parties" to this agreement, shall be agreed upon by separate written agreement by the "Parties" concerned and shall be paid at the time such contracts designated or concluded, and monies change hands, unless otherwise agreed among the "Parties". The

"Parties" hereby irrevocably, and unconditionally agree and guaranty to honor and respect all such fees, or remuneration arrangements made as part of a commission, "transaction" even in the event that the "Party " is not an integral member to a specific commission and fee/remuneration agreement.

7. The execution of each transaction shall be coordinated by an international bank (top 10 financial institution) which shall serve as an intermediary, hereinafter referred to as the ("Clearing House"), which shall have full responsibility and authority to: (1) verify the adequacy of the documentation required to complete the transaction, including but not limited to contracts, letters of credit, marine insurance, bills of sale, and other documentation, (11) confirm assay/chemical analysis, price, quantity, delivery, and location of any goods being bought and sold, and (111) effect payment and transfer of amounts, out of the letters of credit or other asset, due to sellers, banks, brokers, intermediaries, and other parties to the transaction.

In witness whereof, the "Parties" hereto have executed and delivered these covenants by mutual agreement the day and year first written above. All faxes are considered original, legal and binding.

Each representative signing below avows that he is duly empowered by his respectively named company to bind it to the commitments and obligations contained herein.

BY: _____DATE: May 10, 2003
Gayle Dickie, President & CEO, Beacon Edge Pictures LLC

BY: _____DATE: May 10, 2003
Randy Turrow, Feature Pro LLC

BY: _____DATE: May 10.2003
Nicolas Alcaro

BY: _____DATE: May 10, ~~2002~~  2003 P.M.
Patrick Moon

BY: _____DATE: May 10, 2003
Anthony Rutledge

(Patrick Moon and Anthony Rutledge, on behalf of the aforementioned entities, Hawaii Pacific Cinema Development Foundation, Inc. and Unity House, Inc.)

Page 3 of 3



"Parties" hereby irrevocably, and unconditionally agree and guaranty to honor and respect all such fees, or remuneration arrangements made as part of a commission, "transaction" even in the event that the "Party " is not an integral member to a specific commission and fee/remuneration agreement.

7. The execution of each transaction shall be coordinated by an international bank (top 10 financial institution) which shall serve as an intermediary, hereinafter referred to as the ("Clearing House"), which shall have full responsibility and authority to: (1) verify the adequacy of the documentation required to complete the transaction, including but not limited to contracts, letters of credit, marine insurance, bills of sale, and other documentation, (11) confirm assay/chemical analysis, price, quantity, delivery, and location of any goods being bought and sold, and (111) effect payment and transfer of amounts, out of the letters of credit or other asset, due to sellers, banks, brokers, intermediaries, and other parties to the transaction.

In witness whereof, the "Parties" hereto have executed and delivered these covenants by mutual agreement the day and year first written above. All faxes are considered original, legal and binding.

Each representative signing below avows that he is duly empowered by his respectively named company to bind it to the commitments and obligations contained herein.

BY: _____ DATE: May 10, 2003
    Gayle Dickie, President & CEO, Beacon Edge Pictures LLC


BY: _____ DATE: May 10, 2003
    Randy Turrow, Feature Pro LLC


BY: _____ DATE: May 10.2003
    Nicolas Alcaro

BY: _____ DATE: May 10, ~~2002~~ 2003 P.M.
    Patrick Moon


BY: _____ DATE: May 10, 2003
    Anthony Rutledge

(Patrick Moon and Anthony Rutledge, on behalf of the aforementioned entities, Hawaii Pacific Cinema Development Foundation, Inc. and Unity House, Inc.)

**BEACON EDGE PICTURES**

3480 Ashwood Avenue Los Angeles, CA 90066-2202
phone (310)398-0999 fax (310)398-1699

Mr. Patrick Moon
May 9, 2003
Page Four

Agreed to and Accepted by:

_____          _____
Nicklaus Alcaro                                          Date

For PM subject to attorney review and $1m deposit by May 14, 2003 without
being subjected to penalties for all parties concerned.

_____          _____
Anthony Rutledge                                     Date

_____          _____
Patrick Moon                                            Date

TOTAL P.02