LAW OFFICES OF PHILIP R. BROWN

PHILIP R. BROWN  6154
Pauahi Tower, Suite 2005
1001 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 523-5900

Attorney for Plaintiffs
HAWAII PACIFIC CINEMA DEVLOPMENT FOUNDATION
and UNITY HOUSE, INC.

**LODGED** APR 2 6 2006
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 0 5 2006
at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII PACIFIC CINEMA DEVELOPMENT FOUNDATION and UNITY HOUSE, INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>BEACON EDGE PICTURES, LLC, BEACON EDGE PICTURES, GAYLE DICKIE,<br><br>Defendants. | CIVIL NO. CV 04-00510 (ACK) (KSC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT FILED ON MARCH 8, 2006; CERTIFICATE OF SERVICE**<br><br>Hearing:<br><br>Date: April 12, 2006<br>Time: 9:30 a.m.<br>Judge: The Honorable Magistrate Judge Kevin S.C. Chang<br><br>No Trial Date Set |

F:UnityHouseHPC/Pleadings/Findings

**FINDINGS AND RECOMMENDATION REGARDING MOTION
FOR ENTRY OF DEFAULT JUDGMENT FILED ON MARCH 8, 2006**

Plaintiffs HAWAII PACIFIC CINEMA DEVELOPMENT FOUNDATION ("HPCDF")

and UNITY HOUSE, INCORPORATED ("UHI") (collectively "Plaintiffs") Motion For Default

Judgment against Defendants BEACON EDGE PICTURES, LLC ("BEP"), BEACON EDGE

PICTURES ("BEACONS"), GAYLE DICKIE ("DICKIE") (collectively "Defendants"), filed on



EXHIBIT A

March 8, 2006, having come on for hearing on April 12, 2006 before the Honorable Kevin S.C. Chang, Philip R. Brown appearing on behalf of Plaintiffs and the Court being apprised of the record and files herein,

IT IS HEREBY FOUND AND RECOMMENDED AS FOLLOWS:

## PROCEDURAL FINDINGS

1.    This action was commenced by Plaintiffs' filing of a civil Complaint in this Court on August 19, 2004. Plaintiffs filed their First Amended Complaint on June 2, 2005.

2.    Plaintiffs' claims included, among other things, breach of contract, tortious breach of contract, misappropriation of trust funds, misrepresentation, conversion, constructive trust, unjust enrichment, fraud, fraudulent concealment and deceit, and punitive damages.

3.    The record shows that Plaintiffs made a good faith effort to personally serve the Complaint and First Amended Complaint on Defendants. Unfortunately, these efforts were unsuccessful.

4.    The Court granted Plaintiffs' Ex Parte Motion for Order Permitting Service of First Amended Complaint by Publication on Defendants on June 14, 2005. The Publication Order was amended on June 21, 2005.

5.    On August 23, 2005, Plaintiffs filed the Declaration of Philip R. Brown Re Proof of Publication.

6.    On September 16, 2005, Plaintiffs filed their Request for Entry of Default Against Defendants.

7.    Entry of Default was entered by the Court Clerk on September 16, 2005.

8.   On March 8, 2006, Plaintiffs filed a Motion for Default Judgment.

9.   On April 12, 2006, Magistrate Judge Kevin S.C. Chang granted Plaintiffs' Motion for Entry of Default Judgment and directed Plaintiffs' counsel to submit supporting evidence of their attorneys fees and costs to the Court.

10.   On April 18, 2005, the Court filed its Order Granting Plaintiffs' Ex Parte Motion for Leave to file the Declarations of Philip R. Brown and Brook Hart Under Seal.

11.   On April 25, 2006, Plaintiffs filed, under seal, the Declarations of Philip R. Brown and Brook Hart evidencing Plaintiffs' attorneys fees, tax, and costs in the instant matter through April 25, 2006.

## FACTUAL FINDINGS

12.   As set forth in the uncontested motion for default judgment the claims are premised on fraud and conversion by Defendants, involving the principal sum of $250,000 taken by Defendants.

13.   In or about April and May, 2003, DICKIE, on behalf of herself, BEACON, and BEP, by telephone calls and facsimile transmissions from California to Hawaii, made various representations to Plaintiffs that she, BEACON and BEP could obtain several million dollars (U.S.) to fund, distribute, and produce two motion pictures described as "The Hawaiian Legends of Heavenly Road" and "Half-Pipe (Hawaii)."

14.   On May 9, 2004, DICKIE, on behalf of BEACON and BEP, executed a letter agreement (the "May 9th Agreement") which was sent by facsimile transmission from California to Hawaii in which BEACON through its investment manager, Nicklaus Alcaro, agreeing to

deposit Ten Million Dollars into a BEACON or BEP account, provided that HPCDF and UHI deposited One Million Dollars into a BEACON business account. Defendant DICKIE, on behalf of herself and BEACON, promised that these funds would be used for the production of "The Hawaii Legends of Heavenly Road" and "Half-Pipe II (Hawaii)." The May 9th Agreement provided that the One Million Dollars from Plaintiffs would only be withdrawn after the deposit by BEACON of Two Million Five Hundred Thousand Dollars.

15. On May 10, 2003, representatives of HPCDF and UHI in Hawaii executed the May 9th Agreement based upon the written representations contained therein and the oral representations of DICKIE. The executed May 9th Agreement was signed by Plaintiffs in Hawaii and mailed to California.

16. Upon information and belief, on May 9, 2003, DICKIE, individually and on behalf of BEACON and BEP, made representations to HPCDF and UHI in order to induce them to participate in the project and to enter into an agreement.

17. On or about May 11 to May 16, 2003, DICKIE, individually and on behalf of BEACON and BEP, had various discussions by telephone and in person in Hawaii and California with representatives of HPCDF and UHI and made various representations in an effort to modify the May 9th Agreement. On May 16, 2003, DICKIE, individually and on behalf of BEACON and BEP, prepared and executed a second letter agreement with HPCDF and UHI (the "May 16th Agreement"), stating, among other things, that One Million Dollars would be deposited into a BEACON business account at Citibank located at 1505 Montana Avenue, Santa Monica, California, 90403, (the "Trust Account"), and would only be utilized upon the funding of the Trust Account by BEACON and/or BEP.

3

18. On May 16, 2003, HPCDF and UHI jointly funded the above-named account, by wiring One Million Dollars from their Hawaii bank into the Trust Account.

19. On May 30, 2003, DICKIE, individually and on behalf of BEACON and BEP, prepared Minutes of a May 30, 2003, meeting and a resolution which provided, in part, that funds from HPCDF and/or UHI would only be removed from the Trust Account, if, and only if, BEACON and/or BEP first funded the Trust Account with Two Million Five Hundred Thousand Dollars. It was also agreed that if the Two Million Five Hundred Thousand Dollars was not funded by Defendants, the One Million Dollars deposited by Plaintiffs would be returned in full to HPCDF and/or UHI.

20. Defendants were obligated to deposit Two Million Five Hundred Thousand Dollars in the Trust account by May 30, 2003. Defendants never met this obligation. Defendants were, therefore, in breach of their agreements with Plaintiffs. Although Defendants were obligated to return the One Million Dollars to Plaintiffs, $250,000 was not returned and remains outstanding.

21. DICKIE's personal bank records confirm that DICKIE actually withdrew Plaintiffs' funds for her own personal use. For example, on November 2, 2003 DICKIE wire transferred $8,000 from the Trust Account to a foreign bank account. On November 5, 2003 DICKIE withdrew $2,000 from the Trust Account. On November 17, 2003 DICKIE wire transferred another $8,000 from the Trust Account to a foreign bank account. On November 26, 2003 Defendant DICKIE wire transferred $150,000 from the Trust Account to her own personal account with Washington Mutual Bank (the "Personal Account").

22.    Plaintiffs have also obtained the bank records from DICKIES' Personal Account. On November 28, 2003, DICKIE withdrew $14,970 from her Personal Account. On December 2, 2003 DICKIE wire transferred $9,000 from her Personal Account to a foreign bank account. On December 8, 2003 DICKIE withdrew $9,000 from her Personal Account. On December 10, 2003 DICKIE wire transferred $8,960 from her Personal Account to a foreign bank account. Bank statements from DICKIE's Personal Account reveal that over time DICKIE spent Plaintiffs' funds for her own personal use on vendors including Victoria's Secret, Arco, various restaurants, Harrod's International, Luxair Ticketing, Hotel Du Parc (Luxemborg), Best Buy, Budget Rent-A-Car, Hilton Hotels (Honolulu), Turtle Bay Resorts (Kahuku), Brookstone, Applestore, Good Guys, Barnes and Noble, and more.

23.    Despite requests by Plaintiffs, DICKIE, individually, and on behalf of BEACON and BEP, have failed and refused to provide any accounting for the funds improperly used and has intentionally failed and refused to repay all money improperly removed from the Trust Account.

24.    Plaintiffs admit that Defendants returned Seven Hundred Fifty Thousand Dollars to Plaintiffs. However, despite repeated demands by Plaintiffs, Defendants failed and refused to return the remaining funds owed to Plaintiffs. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs sustained substantial pecuniary damages in the amount of $250,000 plus interest and other damages.

25.    It is within this Court's discretion to award prejudgment interest at a rate of ten percent per annum. In the Plaintiffs' Motion for Default Judgment, Plaintiffs sought an award of prejudgment interest from November 20, 2003 (the day $150,000 was wire transferred by

5

Defendant DICKIE from the Trust Account into her personal account with Washington Mutual Bank). Accordingly, Plaintiffs are awarded prejudgment interest of $56,249.99 (for the period of November 26, 2003 through February 28, 2006). Thereafter, Plaintiffs are awarded statutory prejudgment interest at a rate of $68.49 per diem.

26. In Plaintiffs' Motion for Default Judgment, Plaintiffs sought attorneys fees (and tax) of $30,935.48 incurred through February 28, 2006. From March 1, 2006 through April 25, 2006, Plaintiffs have incurred an additional $7,47.03 in attorneys' fees (and tax).

27. In Plaintiffs' Motion for Default Judgment, Plaintiffs sought costs of $3,268.51 through February 28, 2006. From March 1, 2006 through April 25, 2006, Plaintiffs have incurred an additional $564.65 in costs.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiffs' Motion For Default Judgment be granted and that judgment be entered in favor of Plaintiffs HAWAII PACIFIC CINEMA DEVELOPMENT FOUNDATION and UNITY HOUSE, INCORPORATED and against Defendants BEACON EDGE PICTURES, LLC, BEACON EDGE PICTURES, GAYLE DICKIE as follows:

1. Plaintiffs are awarded actual damages of $250,000.00;

2. Plaintiffs are awarded statutory pre-judgment interest: $56,249.99 as of February 28, 2006 (and thereafter at the rate of $68.49 per diem);

3. Plaintiffs are awarded attorneys' fees (and tax) incurred through April 24, 2006 of $38,372.51 and

6

4.  Plaintiffs are awarded costs of suit through April 24, 2006 of $3,833.16.

IT IS SO ORDERED.

KEVIN S.C. CHANG
_____
JUDGE OF THE ABOVE ENTITLED COURT

---

Hawaii Pacific Cinema Development Foundation, et al v. Beacon Edge Pictures, LLC, et al.; FINDINGS AND RECOMMENDATION REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT FILED ON MARCH 8, 2006

7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII PACIFIC CINEMA DEVELOPMENT FOUNDATION and UNITY HOUSE, INCORPORATED,<br><br>Plaintiffs,<br><br>vs.<br><br>BEACON EDGE PICTURES, LLC, BEACON EDGE PICTURES, GAYLE DICKIE,<br><br>Defendants. | CIVIL NO. CV 04-00510<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document will be duly served via Certified Mail, Return Receipt Requested to the following parties at their last known address on the date of its filing or as soon thereafter that service may be effected.

BEACON EDGE PICTURES, LLC,
BEACON EDGE PICTURES, and
GAYLE DICKIE
811 21st Street, Suite 3
Santa Monica, California, 90403

Defendants

DATED: Honolulu, Hawaii, April 26, 2006.

_____
PHILIP R. BROWN
Attorney for Plaintiffs
HAWAII PACIFIC CINEMA DEVELOPMENT
FOUNDATION and UNITY HOUSE,
INCORPORATED

1

F:UnityHouseHPC/Pleadings/Findings